UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
ANGELO ANTONELLI,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      Civil Action No. 10-1374 (ESH)
                                 )
JOHN M. MCHUGH,                  )
SECRETARY OF THE ARMY,           )
                                 )
            Defendant.           )
_____)

## MEMORANDUM OPINION

Plaintiff Angelo Antonelli brings this action under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, against John M. McHugh, the Secretary of the Army, seeking review of a decision of the Army Board for Correction of Military Records (the "Board").[1] That decision denied plaintiff's application for relief from the Army's decision to deny him admission into the Army National Guard. Plaintiff seeks an order setting aside the Board's decision and directing the Board to issue a recommendation to the Army National Guard that plaintiff be allowed to enlist.[2] The matter is before the Court on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment. For the reasons explained herein, defendant's

---

[1]The Board "acts for the Secretary of the Army, and [its] decision is final when it . . . denies any application." Army Reg. 15-185, § 2-13 (Def.'s Mot. for Summ. J., Ex. A).

[2]In his complaint, plaintiff asked the Court to order his enlistment (Compl. ¶ 58 (asking that "plaintiff's official military record . . . be corrected to reflect that, effective immediately, he has been reinstated into the Army National Guard")), but he has since conceded that even the Board could not have ordered his enlistment but could only have made a recommendation to the Army National Guard. (Pl.'s Opp'n at 8 (citing *Ass'n of Civil Technicians, Inc. v. United States*, 603 F.3d. 989, 994 (D.C. Cir. 2009).)

motion will be granted and plaintiff's motion will be denied.

## BACKGROUND

In February 2008, plaintiff applied to enlist into the New Jersey National Guard. (Administrative Record ["AR"] 3; Compl. ¶ 27; Def.'s Statement of Facts ¶ 6 ["Def.'s Facts"].) Under the Army National Guard's Enlistment Criteria for fiscal year 2007, an applicant was "eligible for enlistment if . . . 18 years of age and less than 42 years of age." (AR 84.) An applicant without prior military service was also required to ship out to initial active duty training before his 42nd birthday. (AR 84.) Plaintiff, who had no prior military service and was forty-three at the time he applied, was denied enlistment based on his failure to satisfy this requirement. (AR 75 (Letter from National Guard Bureau to Representative Frank LoBionido explaining that "[b]ecause this maximum age policy is established by the Secretary of the Army, as authorized by federal law, the National Guard Bureau does not have the authority to either change this standard or grant an exception").)[3]

Plaintiff challenged the National Guard's refusal to allow him to enlist by filing an Application for Correction of Military Records with the Board (AR 7-8), asking that it "grant[] him enlistment into the United States Army National Guard." (AR 14.) The Board, which is composed of civilians appointed by the Secretary of the Army, "may correct any military record

---

[3]In 2007, at the age of forty-two, plaintiff had tried to enlist in the Army Reserves. (Def.'s Facts ¶ 4.) He was not accepted because applicants that are "without any prior honorable active military service" and "that are applying for the Reserve component of the US Army must not exceed their 42nd birthday on their enlist date." (AR 13, 56, 76-79; Def.'s Facts ¶ 4.) Although the facts pertaining to plaintiff's unsuccessful attempt to enlist in the Army Reserves are part of the administrative record and referenced in the complaint and summary judgment briefing, they are not material to plaintiff's case except to confirm his undisputed desire to serve in the United States military.

2

... when [the Secretary of the Army acting through the Board] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). Army Regulation 15-185 "prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the [Board.]." Army Reg. 15-185, § 1-1 (Def.'s Mot. for Summ. J., Ex. A, at 1). An applicant to the Board must overcome "the presumption of administrative regularity" and "has the burden of proving an error or injustice by a preponderance of the evidence." *Id.* § 2-8. If the Board is "persuaded that material error or injustice exists and that sufficient evidence exists on the record," it is to "direct or recommend changes in military records to correct the error or injustice. *Id*. § 1-8(b). Otherwise, it is to "deny relief." *Id.* §§ 1-8(d), 2–10(c).

Plaintiff proffered two "conceptually different" arguments in support of his application to the Board. (AR 17.) First, he argued that the Board should grant him relief because "the Army incorrectly applied and, in effect, violated federal law that governs National Guard eligibility requirements and specifically provides that individuals are eligible for enlistment until they reach the age of forty-five." (AR 9, 16 (citing 32 U.S.C. § 313(a) ("to be eligible for original enlistment in the National Guard, a person must be at least 17 years of age and under 45") .) Second, he argued that even absent any "evidence of error with regard to particular legal and procedural issues," the Board had the "power to grant broad equitable relief" based on "other considerations related, for example, to the extreme prejudice suffered by an agency action." (AR 17.) Thus, plaintiff argued, the Board should "exercise its authority and grant relief solely for equitable reasons" because plaintiff "possesses a strong desire to serve his country as a member of the United States Army. He is well-educated, physically fit for duty and would be a valuable asset to the Army and to the United States in general." (AR 17-18.)

After meeting on March 11, 2010, the Board denied plaintiff's application. (AR 1-6.) The Board concluded that plaintiff was "properly denied enlistment" pursuant to the National Guard Enlistment Criteria because 32 U.S.C. § 313(a) merely "sets the upper age limit which the Service Secretaries may not exceed in determining age qualifications for initial enlistment. It does not establish the age qualification to be used." (AR 5.) The Board also concluded that "[t]he evidence presented does not demonstrate the existence of a probable error or injustice" and, therefore, that "the overall merits of this case are insufficient as a basis for correction of the records of the individual concerned." (AR 6.)

On August 16, 2010, plaintiff filed a complaint against the Secretary of the Army seeking to set aside the Board's decision under the APA and as a violation of his right to due process. Both parties moved for summary judgment.

## DISCUSSION

**I.  LEGAL STANDARD**

In reviewing the decision of a military correction board under the APA, 5 U.S.C. § 706, a court must "defer" unless the decision "is arbitrary and capricious, contrary to law, or unsupported by substantial evidence." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997); *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). Generally, "[t]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Thus, a court "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *MD Pharm. v. Drug*

4

*Enforcement Admin.*, 133 F.3d 8, 16 (D.C. Cir.1998) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). "[A]n agency's decision [need not] be a model of analytic precision to survive a challenge." *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995); *Frizelle*, 111 F.3d at 176. Rather, "[a] reviewing court will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned" *Dickson*, 68 F.3d at 1404; *Frizelle*, 111 F.3d at 176.

Reviewing the decision of a military correction board requires an "unusually deferential application of the arbitrary or capricious standard" given the language of 10 U.S.C. § 1552(a). *Kreis*, 866 F.2d at 1514; *see Musengo v. White*, 286 F.3d 535, 538 (D.C. Cir. 2002); *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000). As the Court of Appeals explained in *Kreis*:

> In practice, however, the question whether a particular action is arbitrary or capricious must turn on the extent to which the relevant statute, or other source of law, constrains agency action. While the broad grant of discretion implicated here does not entirely foreclose review of the Secretary's action, the way in which the statute frames the issue for review does substantially restrict the authority of the reviewing court to upset the Secretary's determination. It is simply more difficult to say that the Secretary has acted arbitrarily if he is authorized to act "*when he considers it necessary* to correct an error or remove an injustice," 10 U.S.C. § 1552(a) (emphasis added), than it is if he is required to act whenever a court determines that certain objective conditions are met, i.e., that there has been an error or injustice.

*Kreis*, 866 F.2d at 1514. Thus, a court's role in reviewing the decision of a military corrections board is to determine whether "the decision making process was deficient, not whether [the] decision was correct." *Dickson*, 68 F.3d at 1405-06 (quoting *Kreis*, 866 F.2d at 1511).

## II.  CLAIM THAT BOARD MISAPPLIED FEDERAL LAW

In his complaint, plaintiff asserted that the Board's decision was arbitrary and capricious and a violation of his right to due process because it was based on a misapplication of federal law – specifically, that 32 U.S.C. § 313(a), which sets the maximum age for enlistment in the

5

National Guard at 45, should override the age limit of 42 established by the Enlistment Criteria. (Compl. ¶¶ 51; 54 (Board "unlawfully withheld relief to which Plaintiff was legally entitled based on 32 U.S.C. § 313(a)").) After defendant moved for summary judgment on the ground that plaintiff's claim of legal error lacked merit, plaintiff filed an opposition and cross-motion that abandoned this argument.[4] Accordingly, the Court will treat the issue as conceded in defendant's favor and will not address it on the merits.

### III. CLAIM THAT BOARD SHOULD HAVE GRANTED RELIEF ON "EQUITABLE GROUNDS"

Plaintiff only makes one argument in his cross-motion for summary judgment and in opposition to defendant's motion for summary judgment – that the Board's decision violated the APA by "failing to grant relief on equitable grounds." (Pl.'s Opp'n & Mem. in Support of Cross-Motion ["Pl.'s Opp'n"] at 7-8.).[5] (Pl.'s Opp'n at 7-8.) Plaintiff's argument starts from the premise that the Board "under its broad powers of equity, has the authority to grant relief for equitable reasons independent of reasons invoking regulation and statutes." (Pl.'s Opp'n at 7 (citing cases).) Plaintiff then argues that "the facts . . . presented the Board with compelling reasons to find in [plaintiff's] favor" because "[i]t is clear that [his] age was the only barrier to

---

[4]Defendant's reply and opposition to plaintiff's cross-motion pointed out that plaintiff had abandoned his misapplication of law argument (Def.'s Reply Br. & Opp'n to Pl's Cross-Mot. for Summ. J. at 3 ("[i]n Plaintiff's Response, he abandons his statutory construction argument and relies solely on his equitable claim"), and plaintiff's reply confirmed that to be the case. (Pl.'s Reply at 1 ("In response to Defendant's Reply, [plaintiff] rests on his prior pleadings and reasserts the arguments contained therein. The arguments contained in Plaintiff's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment provide a sufficient response to the arguments contained in the Defendant's Reply.").)

[5]Plaintiff's complaint does not specifically identify the Board's failure to grant relief on equitable grounds as a basis for its APA claim, although it does reference the fact that plaintiff sought relief from the Board on this ground. (Compl. ¶¶ 40-43.)

6

his enlistment," he "was otherwise well-qualified for service," and he "possesses a strong desire to serve in the U.S. military." (Pl.'s Opp'n at 7-8.) Thus, plaintiff argues, "all of the facts should have compelled the Board to exercise its equitable powers and find in [plaintiff's] favor" and its failure to "correct an injustice . . . violated its statutory mandate" and rendered its decision "arbitrary and capricious." (Pl.'s Opp'n at 8.)

Even assuming *arguendo* that plaintiff's premise is correct – that the Board could have granted the relief plaintiff requested solely on equitable grounds – plaintiff has no support for his novel contention that the facts of a case could be such that the Board would be "compelled" to exercise its equitable power and that its failure to do would render its decision arbitrary and capricious under the APA. Indeed, it is well-established that a military correction board operates under a "broad grant of discretion" under 10 U.S.C. § 1552(a). *Kreis*, 866 F.2d at 1514 (board "*may* correct any military record" when it "considers it necessary to correct an error or remove an injustice" (emphasis added).) While judicial review is not precluded, it requires an "unusually deferential application of the arbitrary or capricious standard," *Kreis*, 866 F.2d at 1514, and the court's role in reviewing the decision of a military correction board is to determine whether "the decision making process was deficient, not whether [the] decision was correct." *Dickson*, 68 F.3d at 1405-06. While plaintiff obviously disagrees with the Board's decision not to grant relief on equitable grounds, he cannot point to any deficiencies in the Board's decision-making process. Nor do any appear to the Court. The Board's decision demonstrates that it "examined the relevant data" and "articulated a satisfactory explanation" for denying plaintiff's

7

equitable claim for relief.[6]  *See MD Pharm.*, 133 F.3d at 16; *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43.  Accordingly, the Court does not find the Board's decision to deny relief on purely equitable grounds to be either arbitrary or capricious.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment will be granted and plaintiff's cross-motion will be denied.  A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: May 9, 2011

---

[6]Contrary to plaintiff's suggestion that the Board failed to address plaintiff's purely equitable claim (Pl.'s Opp'n at 4), the Board's conclusion that "[t]he evidence presented does not demonstrate the existence of a probable error *or injustice*," and that the "the *overall merits* of this case are insufficient as a basis for correction of the records of the individual concerned" is a clear rejection of that claim.  (AR 6 (emphasis added).)